**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**BLAKE J. HOWE and TODD A. HOWE,**

    Plaintiffs,

v.

**DCC LITIGATION FACILITY, INCORPORATED,
MINNESOTA MINING MANUFACTURING
COMPANY, and BRISTOL-MYERS SQUIBB
COMPANY,**

    Defendants.
_____/

Civil Action No. 06-13793-DT

Honorable Denise Page Hood

**MEMORANDUM OPINION AND ORDER
and
NOTICE OF STATUS CONFERENCE**

**I.    BACKGROUND/FACTS**

On August 25, 2006, Plaintiffs Blake J. Howe, Todd A. Howe, and Kelli Clark Howe filed a 24-count Complaint against the Defendants DCC Litigation Facility ("Litigation Facility"), Bristol-Myers Squibb Company ("Bristol-Myers") and Minnesota Mining Manufacturing Company ("3M"). Claims filed by Kelli Clark Howe were withdrawn on November 15, 2007.

Blake and Todd Howe allege that their natural mother, Barbara Amber Howe, was implanted in October 1980 with breast implants manufactured by 3M with raw materials manufactured by the entities represented by the Litigation Facility. On January 19, 1982, Ms. Howe's right 3M implant was removed because it had become encapsulated. A silicone implant was inserted into Ms. Howe's right breast, which Plaintiffs allege was manufactured by Bristol-Myers, with raw materials supplied by the entities represented by the Litigation Facility. In November 1999, both of Ms. Howe's

implants were removed. Plaintiffs allege that studies of the implants indicated that both had leaked into Ms. Howe's body, resulting in cell damage, particulate deposits, disease and reactions throughout her body.

Ms. Howe's two sons allege that they have suffered injuries as a result of being exposed in utero and via placenta to the toxins released into their mother's body by the leaking implants. Blake and Todd Howe allege they have suffered debilitating symptoms and continue to suffer various chronic health problems which have interfered with their ability to earn a living and enjoy life.

Defendant Bristol-Myers, joined by 3M, filed a Motion to Transfer Case. Plaintiffs filed a response opposing the motion. A hearing was held on the matter.

## II.     ANALYSIS

### A.     28 U.S.C. § 1404

On June 27, 2007, Defendant Bristol-Myers filed a Motion to Transfer pursuant to 28 U.S.C. § 1404 to either the United States District Court for the District of Maryland or to the Middle District of Florida. 3M filed a joinder and concurrence to Bristol-Myers' motion. Plaintiffs filed a response opposing the motion. The Litigation Facility responded that it took no position regarding whether or not the case should be transferred under 28 U.S.C. § 1404, other than noting that to the extent the Court grants the motion, it must do so within the parameters of the Case Management Order No. 1 which states that cases may be tried either in this district or in the federal court in which the claim arose. (Case No. 00-CV-00001, CMO No. 1, ¶ 1(b)) The Litigation Facility agrees that the claim arose in Maryland. However, if the Court were to grant the motion, a transfer to the Middle District of Florida would mean that the claims against the Litigation Facility must be severed since the claim did not arise in Florida. Plaintiffs oppose severance of the Defendants.

2

Before analyzing the motion under § 1404 as argued by Bristol-Myers, it is noted that Bristol-Myers and 3M are reversing their previous "vigorously argued positions" before the Bankruptcy Court, this Court and the Sixth Circuit of Appeals. On June 25, 1992, the Federal Judicial Panel on Multidistrict Litigation ordered the consolidation of all breast implant actions pending in federal courts for coordinated pretrial proceedings to the Northern District of Alabama. *See In Re Dow Corning Corp.,* 86 F.3d 482, 485 (6th Cir. 1996). On May 15, 1995, Dow Corning Corporation filed a petition for reorganization under chapter 11 of the Bankruptcy Code in this District. *Id.* at 486. On June 12, 1995, Dow Corning and its shareholders, Dow Chemical and Corning Incorporated, filed a motion to transfer the breast implant claims pending against them under 28 U.S.C. § 157(b)(5) to this district. *Id.* On June 14, 1995, Bristol-Myers and 3M also moved to transfer certain breast implant cases to this district. *Id.* Bristol-Myers and 3M "also asked the district court to order that the claims at issue be transferred to the district court in which the bankruptcy case is pending so that *the court could conduct a consolidated trial on the issue of causation.*" *Id.* at 487 (emphasis added). Bristol-Myers and 3M filed appeals to the Sixth Circuit Court of Appeals after the Court denied their motions to transfer the cases to this district. *Id.*

On appeal, Bristol-Myers and 3M argued that the claims "need to be resolved as part of Dow Corning's bankruptcy proceedings and reorganization plan, and certainly will affect the debtor's rights, liabilities, options, and freedom of action in the administration of its estate." *Id.* at 491. The Sixth Circuit agreed with the arguments raised by Bristol-Myers and 3M and reversed this Court's order, holding that "Section 1334(b) jurisdiction exists over the actions pending against Dow Chemical, Corning Incorporated, Minnesota Mining, Baxter, and Bristol-Myers Squibb that are the subject of the companies' Section 157(b)(5) motions." *Id.* at 494. The Sixth Circuit further agreed

3

with Bristol-Myers and 3M that this district court had the authority "to fix venue for cases pending against nondebtor defendants which are 'related to' a debtor's bankruptcy proceedings pursuant to Section 1334(b)." *Id.* at 497. The Sixth Circuit noted that the holding was "limited to the district court's ability to consider motions under 28 U.S.C. § 157(b)(5) with respect to the *trial* venue of the breast implant claims at issue." *Id.* at 497, n. 12. The Sixth Circuit remanded the matter to the Court for an abstention analysis.

On remand, this Court found that the cases against the non-debtors were subject to mandatory abstention under 28 U.S.C. § 1334(c)(2). Alternatively, the Court exercised its discretion to abstain from the cases against the non-debtors based on the interest of justice, comity and judicial economy. *In re Dow Corning Corp.,* 1996 WL 511646 *4 (E.D. Mich. July 30, 1996). In addition to Dow Corning and its shareholders, Bristol-Myers and 3M appealed the Court's order, arguing that the cases in which "they were named as co-defendants with Dow Corning" should be before this Court. *In re Dow Corning Corp.,* 113 F.3d 565, 568 (6th Cir. 1997). The Sixth Circuit again reversed the Court's order, finding that the district court must transfer the claims against Dow Corning's shareholders to this district. *Id.* at 572. As to the non-shareholders co-defendants, the Sixth Circuit found it "unnecessary to transfer any other pending proceedings to the district *at this time." Id.*

Based on the cited arguments above and the briefs previously submitted by Bristol-Myers and 3M, it is not clear they should now be able to "reverse" their positions.

The Amended Joint Plan of Reorganization in the bankruptcy matter went into effect on June 1, 2004. The Case Management Order addressing the cases to be litigated against the Litigation Facility sets the trial venue either in the Eastern District of Michigan or in the federal court in which

4

the claim arose. (Case No. 00-CV-00001, CMO No. 1, ¶ 1(b)). Bristol-Myers and 3M move to change the venue from this District to either Maryland or the Middle District of Florida.

Section 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has the discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). A discretion court has "broad discretion to grant or deny a motion to transfer [a] case." *Phelps v. McClellan,* 30 f.3d 658, 663 (6th Cir. 1994)(citations omitted). The following three requirements must be met to transfer an action under § 1404(a): 1) the action could have been brought in the transferee district court; 2) a transfer serves the interest of justice; and 3) a transfer is in the convenience of the witnesses and parties. *Kepler v. ITT Sheraton Corp.,* 860 F.Supp. 383, 398 (E.D. Mich. 1994). Factors to weigh in determining whether to transfer venue include: 1) the convenience of witnesses; 2) the location of relevant documents and relative ease of access to source of proof; 3) the convenience of the parties; 4) the locus of the operative facts; 5) the availability of process to compel the attendance of unwilling witnesses; 6) the relative means of the parties; 7) the forum's familiarity with the governing law; 8) the weight accorded the plaintiff's choice of forum; and, 9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F.Supp.2d 809, 811 (E.D. Mich. 2000). The party seeking transfer of venue typically has the burden to establish that the new forum is more convenient. *Viron Inter. Corp. v. David Boland, Inc.,* 237 F.Supp.2d 812, 815 (W.D. Mich. 2002). A plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing that transfer is warranted under § 1404. *McCuiston v. Hoffa,* 313

F.Supp.2d 710, 719 (E.D. Mich. 2004)(quotation omitted).

### B. First Prong: Whether Venue is Proper in Transferee Courts

The Sixth Circuit has held that with regards to the claims related to the Dow Corning bankruptcy, venue is proper in this district. As to the first prong–whether venue is proper in the transferee courts (Maryland or the Middle District of Florida)–the Middle District of Florida would not be a proper venue, even though one of the Plaintiffs currently resides in that district. Bristol-Myers' brief does not address the Sixth Circuit's ruling that the venue is proper in this district as to the related to claims against Dow Corning and how that ruling impacts the venue analysis nor does the brief address the requirements under 28 U.S.C. § 157(b). CMO No. 1 and 28 U.S.C. § 157(b) fix the venue of cases involving Dow Corning to this district or the federal court the claim arose. As noted above, the Sixth Circuit has already found that the claims against Bristol-Myers and 3M are "related to" the claims against Dow Corning as co-defendants. Bristol-Myers raises no arguments that the claim in this case arose in Florida. Florida is not a proper venue for this case.

Venue in Maryland appears to be proper since it appears the claims occurred in Maryland. The Howe family resided in Maryland during the relevant time periods in this case–from 1983 to 2002. Blake and Todd Howe were born in Maryland. Their alleged exposure to the silicone was from their mother's breast implants both in vitro and through breast milk.

### C. Second and Third Prongs: Weighing the Factors

Regarding the second and third prongs–the Court weighs the nine factors set forth above in order to determine whether the case should be transferred from this district.

#### 1. Convenience of Witnesses

Bristol-Myers claims the non-party witnesses will be more readily available in Maryland

6

since none of the witnesses identified in Plaintiffs' Rule 26 Disclosures are located within this district. In response, Plaintiffs claim that the only connection remaining in Maryland is that one of the implant victims, Todd Howe, and his wife, reside in Maryland. The implanting doctor has long-since died. The expert medical witnesses of Plaintiffs reside in Texas, Virginia and Canada. This factor does not weigh in Bristol-Myers and 3M's favor.

### 2. Location of Relevant Documents/Access of Proof

Bristol-Myers argues that the sources of proof will be more accessible in Maryland since the medical records are housed in Maryland. Plaintiffs are able to obtain their own medical records and given modern discovery practices, obtaining these records will not be an issue. The record for Todd Howe's lost wages claim are not all located in Maryland and Virginia since these are Navy records and Navy personnel are subject to relocation at any time. This factor does not weigh in Bristol-Myers and 3M's favor.

### 3. The Convenience of the Parties

Since Plaintiffs chose this forum, the convenience factor is not an issue to Plaintiffs. As argued by Bristol-Myers, it and 3M would not be inconvenienced by the transfer to Maryland because they are experienced in litigating cases on a nationwide basis in connection with the silicone breast implant cases and their witnesses' testimonies have been recorded within the context of the MDL-926 litigation. This factor does not weigh in favor of Bristol-Myers and 3M.

### 4. The Locus of Operative Facts

There is no dispute that the facts relating to the claims arose in Maryland. However, with regards to whether the silicone causes injuries/diseases, these facts can be gleaned where the Defendants reside–which is not in Maryland. As noted by Bristol-Myers, their witnesses'

7

testimonies have been recorded. This factor does not weigh in Bristol-Myers and 3M's favor.

### 5. Availability of Process to Compel the Attendance of Unwilling Witnesses

Other than the parties, the only "fact" witness appears to be the implanting doctor who is now deceased. Any current treating doctors presumably would agree to testify at Plaintiffs' request. Bristol-Myers and 3M have not shown any other "unwilling" fact witnesses. This factor does not weigh in Bristol-Myers and 3M's favor.

### 6. Relative Means of the Parties

Given that Plaintiffs chose this district as the venue, this factor is not an issue as to the Plaintiffs. As noted by Bristol-Myers, it and 3M are experienced in litigating the silicone breast implant cases nationwide. This factor does not weigh in Bristol-Myers and 3M's favor.

### 7. Forum's Familiarity with the Governing Law

Both the district court in Maryland and this district are equally able to familiarize themselves with the governing law or are already well-versed with the law involving silicone breast implants. This factor does not weigh in Bristol-Myers and 3M's favor.

### 8. Weight accorded to Plaintiffs' choice of forum

Plaintiffs chose this district as the forum for their case. This factor weighs in Plaintiffs' favor and against Bristol-Myers and 3M.

### 9. Trial Efficiency and Interests of Justice

Bristol-Myers cites this Court's decision abstaining from the cases involving the non-debtors, including Bristol-Myers and 3M to support its argument that trial efficiency and the interests of justice requires transferring the case. As noted above, the Sixth Circuit reversed the Court's decision on that matter. Additionally, as further noted above, Bristol-Myers and 3M did not agree

8

with this Court's decision, in light of their appeal to the Sixth Circuit. This factor does not weigh in favor of Bristol-Myers and 3M.

Based on the above analysis and weighing the factors set forth above, Bristol-Myers has not carried its burden that venue from this district should be transferred to either Maryland or the Middle District of Florida.

**D.     Severance**

Bristol-Myers alternatively suggests that the DCC Litigation Facility be severed and that the claims against the DCC Litigation Facility remain in this Court and that the claims against Bristol-Myers and 3M be transferred. However, because Bristol-Myers has not carried its burden that venue should be changed from this district, the request for severance is moot.

**III.    CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that the Motion to Transfer by Bristol-Myers, with the concurrence and joinder by 3M **(Doc. No. 22, filed June 22, 2007 and Doc. No. 23, filed June 27, 2007)** is DENIED.

IT IS FURTHER ORDERED that the Motion to Change Venue filed by Plaintiffs **(Doc. No. 24, filed July 18, 2007)** is MOOT since the document was inadvertently filed as a motion but instead is a response to Bristol-Myers' Motion to Change Venue.

IT IS FURTHER ORDERED that a Status Conference is scheduled for this case to be held on **Thursday, April 24, 2008, 2:00 p.m.**

 */s/ Denise Page Hood*  
DENISE PAGE HOOD  
United States District Judge

DATED: March 31, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on this date, March 31, 2008, by electronic means and/or first class U.S. mail.

                                                                S/Sakne Srour
                                                                Deputy Clerk